IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BERNARD BEY                                                                                          PLAINTIFF

v.                              Civil No. 4:24-cv-04009-SOH-BAB

DR. MCCLAIN; DR. FOR PAFFORD;
JAMES WISE; and STEVE OTEWELL                                                              DEFENDANTS

### REPORT AND RECOMMENDATION

Plaintiff, Bernard Bey, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.  BACKGROUND

Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") on January 22, 2024. (ECF No. 1, 2). The Court granted Plaintiff's IFP Motion on the same date. (ECF No. 3). In this same Order, the Court directed Plaintiff to file an Amended Complaint. (ECF No. 6). Specifically, the Court advised:

> Plaintiff has failed to allege how each named Defendant was personally involved in violating his constitutional rights. To be held liable under Section 1983 a person must

1

> have personally caused a constitutional deprivation. Furthermore, Plaintiff has mentioned problems with both medical care and visitation. Plaintiff must allege sufficient facts about each claim so that the Court may determine whether he has stated a claim under the law. Plaintiff must allege with specificity how he was denied medical care and how he has been denied visitation.

*Id.* (errors in original).

Plaintiff filed his Amended Complaint on January 30, 2024. (ECF No. 6). In his Amended Complaint, Plaintiff names four Defendants: Dr. McClain, the medical service provider at the Hempstead County Detention Center; James Wise, the Jail Administrator at the Hempstead County Detention Center; a John Doe, the doctor for Pafford Medical Service at Nevada County Detention Center; and Steve Otwell, the Jail Administrator at the Nevada County Detention Center. (ECF No. 6, pp. 2-3). When prompted, by the Court's Complaint form, to list which of his federal constitutional rights have been violated, Plaintiff states: "denial of medical care." *Id.* at 4. Plaintiff then goes on to specifically describe the facts related to his claims:

> The medical provider Dr. McClain had all my Records to show my med's & allergies, James Wise stated when contracted after I had been moved that they have none of these there system had been updated. I was transferred to ADC Holding Facility Nevada County Detention Center were I put Request and . . . filed grievances on the Pafford Medical Service that Steve Otewell contracted to Nevada County Detention Center because they Refused to change my Diet and I am allergic to certin foods Because they said it was not in my medical Records. I don't get to eat Breakfast 2 times a week and Dinner 4 times a week. I can't contract any one or have visitation because there systems been down for over 8 months. please help I am starving.

*Id.* at 4-5 (errors in original).

Plaintiff alleges his claims against all Defendants in their individual and official capacities and states in support of his official capacity claim: "They should have had my medical records that when I was moved they said they didn't have." *Id.* at 5. Plaintiff does not enumerate what type of relief he is seeking. (ECF No. 6).

2

## II.     APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.   *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"   *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).   However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.   *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.     DISCUSSION

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the defendant acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution.   *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).   Here the rights Plaintiff claimed were violated are: (1) his right to adequate medical care; and (2) his right to visitation with family.

Plaintiff must allege factual allegations against each named Defendant explaining how that

named Defendant violated the rights at issue. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); Fed. R. Civ. P. 8. Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Plaintiff has failed to do so here.

Plaintiff claims Defendants McLain, Wise, John Doe from Pafford Medical Service, and Otewell denied him medical care by refusing to change his diet. (ECF No. 6, pp. 4-5). In order to state a denial of medical care claim under the Eighth Amendment[1] Plaintiff must demonstrate: (1) that he had an objectively serious medical need, and (2) that the Defendants actually knew of, but deliberately disregarded, that serious medical need. *See Ivey v. Audrain Cty., Mo.*, 968 F.3d 845, 848 (8th Cir. 2020). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (internal quotations omitted). "To demonstrate that a defendant actually knew of, but deliberately disregarded, a serious medical need, the plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the [detainee's] health." *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (internal quotations and citations omitted). The Eighth Circuit has

---

[1] In prisoner litigation, courts in the Eighth Circuit analyze denial of medical care claims under the deliberate indifference standard of the Eighth Amendment. *See e.g., Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020) (pretrial detainee has the same rights to medical care under the Due Process Clause as an inmate has under the Eighth Amendment). The Court therefore examines Plaintiff's claims under the Eighth Amendment's deliberate indifference standard. *Id*.

stated that this "onerous standard requires a showing more than negligence, more than even gross negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013) (internal quotations and citations omitted).

Here, Plaintiff has failed to allege he suffered from any serious medical need, that any of the Defendant knew of a serious medical need, or that Defendants deliberately disregarded any medical need. While the Court is sympathetic to Plaintiff's situation—if he is in fact starving—a conclusory statement such as this is not enough to state a claim upon which relief may be granted under Section 1983. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8.

Next, Plaintiff fails to state who is denying him visitation. He simply alleges the systems are down and because of that he cannot contact his family. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)). Plaintiff has failed to allege facts to establish who caused the denial of his visitation.

Additionally, Plaintiff alleges all his claims against Defendants in both their individual and official capacities. However, without a cognizable constitutional violation alleged, there can be no official capacity claim against the employer—Hempstead County or Nevada County. *Morris v. Cradduck,* 954 F.3d 1055, 1060 (8th Cir. 2020) *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986)).

Finally, the Court notes Plaintiff was provided with an opportunity to amend his claims

and given specific directions on what was necessary to allege a claim under Rule 8. Even reading Plaintiff's Original Complaint along with his Amended Complaint, the Court cannot find facts to support Plaintiff's conclusory allegations. Accordingly, the Court must recommend dismissal of Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.

### IV. CONCLUSION

For these reasons, it is recommended this case be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of March 2024.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE